**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

```
MICHAEL R. RAY,                  :
                                 :    Civil Action No. 08-1877 (NLH)
          Petitioner,            :
                                 :
     v.                          :         O P I N I O N
                                 :
ANNE MILGRAM,                    :
                                 :
          Respondent.            :
```

**APPEARANCES:**

Michael R. Ray, Pro Se
P.O. Box 100
Myrtle Beach, SC 29578

Jeanne Screen, Esq.
Office of the NJ Attorney General
P.O. Box 086
Trenton, NJ 08625
Attorney for Respondent

**HILLMAN**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has filed a response to the petition.  For the reasons stated below, the petition will be dismissed.

## BACKGROUND

On April 17, 2008, Petitioner filed this petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks to challenge a judgment of conviction issued by the

1

Superior Court of New Jersey, Atlantic County, on July 21, 2006. Petitioner was sentenced in state court on two indictments to an agggregate state sentence of 18 months imprisonment for theft and bail jumping, to be served consecutively to a federal prison sentence.

Petitioner makes the following four claims for relief in this habeas petition:

1. Ineffective assistance of trial and appellate counsel.
2. Trial court improperly accepted a "conditional" plea, deferring to federal courts on the Interstate Agreement on Detainers Act ("IAD") violation claims.
3. The state violated its own extradition law.
4. Petitioner was denied the protections of Cuyler v. Adams, 449 U.S. 433 (1981), because he was in federal custody.

(Petition, ¶ 12). Petitioner admits that the ineffective assistance of counsel claim in Ground One has not been presented in state court, and wrongly asserts that the claim could be brought for the first time in this Court on habeas grounds. Petitioner's remaining grounds for relief, concerning the IAD, extradition, and Cuyler, have been previously adjudicated against Petitioner in federal courts.

**ANALYSIS**

**A. Pro Se Pleading**

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B. Exhaustion Analysis**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[1]  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982);

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring "state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he

4

has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be "substantial equivalent[s]" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

In the present case, Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction. Petitioner admits that he has not presented his ineffective assistance of counsel claims to the state courts, and is presenting them here, for the first time. Clearly then, those claims are not exhausted.

## C. Previously Adjudicated Claims

Petitioner's remaining claims, concerning the IAD, his extradition, and Cuyler issues, were previously adjudicated in federal court. See Ray v. New Jersey, et al., 05-3508

5

(RBK)(dismissing Petitioner's claim that federal pre-sentence report was used by state to further an additional criminal investigation against him), aff'd Ray v. State of New Jersey, et al., 06-1521 (3d Cir.); Ray v. Menchen, et al., 06-4013 (RBK)(dismissing Petitioner's petition for a writ of habeas corpus in which he challenged his transfer under the IAD); Ray v. Merline, 06-3040 (JBS)(denying Petitioner's habeas petition challenging his transfer on the IAD, as well as other issues); Ray v. Menchen, 06-4013 (JBS)(dismissing Petitioner's IAD claim as previously litigated and moot); State v. Hamidullah, et al., 06-1201 (D.S.C.) and Ray v. State of New Jersey, 06-1178 (D.S.C.)(habeas cases filed in District of South Carolina were combined and dismissed as moot because Petitioner had already been transferred to New Jersey), aff'd Ray v. Hamidullah, 07-7121 (4th Cir. 2008), cert. denied, 128 S. Ct. 2453 (2008); Ray v. Warden, 07-1705 (D.S.C.)(denying and dismissing Petitioner's habeas petition claiming violation of Cuyler pre-transfer hearing).

As Petitioner's claims have been presented to the federal courts and adjudicated, the claims may not be relitigated here. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)(holding that a federal district court many review an application for habeas relief on claims already considered and rejected by a federal court only in rare circumstances when the prisoner makes a

constitutional claim with a "colorable showing of factual innocence"); Brown v. Nash, 247 Fed. Appx. 406, 408, 2007 WL 2591194 at *2 (3d Cir. 2007)(affirming dismissal of a petitioner's § 2241 habeas petition, noting that the doctrine of issue preclusion bars relitigation of issues previously adjudicated in a separate action).

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. Furthermore, Petitioner's claims have been previously litigated in federal courts. The court therefore will dismiss the § 2254 habeas petition.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


      /s/ NOEL L. HILLMAN
     NOEL L. HILLMAN
     United States District Judge

Dated: December 1, 2009

At Camden, New Jersey